UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO:

NATHAN'S HOMES, INC.
Plaintiff,

v.

FIFTH THIRD BANK, NA
Defendant.
_____)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Nathan's Homes, LLC, a Florida limited liability company, (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, FIFTH THIRD Bank, NA, with corporate headquarters at 38 Fountain Square Plaza, Cincinnati, Ohio 45263 (hereinafter "Defendant" or "Bank"), and alleges as follows:

**INTRODUCTION**

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising from Defendant's egregious misconduct in mishandling Plaintiff's bank accounts, failing to prevent and remedy unauthorized transactions, and subsequently engaging in a pattern of deceptive and unlawful practices to deny and avoid liability.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to:
   a. 28 U.S.C. § 1331, as this case arises under federal law, specifically:
      i. The Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.;
      ii. The Bank Secrecy Act, 31 U.S.C. § 5311 et seq.;

1

      iii. The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

   b. <u>28 U.S.C. § 1332</u>, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs; and,

   c. <u>28 U.S.C. § 1367</u> for supplemental jurisdiction over state law claims.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Additionally, Defendant regularly conducts business in this district and maintains multiple branch locations here.

**PARTIES**

4. Plaintiff, Nathan's Homes, Inc, is a citizen of the State of Florida, residing at 5451 Lee St., Unit 4, Lehigh Acres, FL 33971, which is in the Middle District of Florida.

5. Defendant, Fifth Third Bank, NA, is a national banking association chartered under the laws of the United States, with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio 45263. Defendant is authorized to do business in the State of Florida and operates multiple branches within the Middle District of Florida. Fifth Third Bancorp is a bank holding company headquartered in Cincinnati, Ohio. It is the parent company of Fifth Third Bank (5/3 Bank), which operates 1,100 branches and 2,400 automated teller machines, across 12 states: Ohio, Florida, Georgia, Illinois, Indiana, Kentucky, Michigan, North Carolina, South Carolina, Tennessee, Alabama, and West Virginia. It is on the list of largest banks in the United States and is ranked 321st on the Fortune 500.

## FACTUAL ALLEGATIONS

**Account Relationship and Security Measures**

6. On or about April 2021, Plaintiff opened a business checking account (Account No. 7936900138) with Defendant.

7. At all relevant times, Plaintiff maintained a positive balance and excellent standing with Defendant, with average monthly balances exceeding $100,000.

8. On and after April 3, 2021, and several times thereafter, Plaintiff received emails from Defendant called "Fifth Third Product Implementation" and "Online Banking" detailing security measures, and several times thereafter Plaintiff met with Defendant's representative, at the Lehigh Acres, Florida branch to discuss enhanced security measures for Plaintiff's accounts due to the substantial balances maintained and the critical nature of the business account for Plaintiff's growing operations.

9. During these meetings, to the best of his recollection, Plaintiff specifically requested the implementation and/or questioned the lack of the following security enhancements:

    a. Dual authentication for all electronic transfers exceeding $10,000
    b. SMS alerts for any transaction exceeding $5,000
    c. Daily transaction limits of $50,000
    d. IP address restrictions to allow transactions only from pre-approved locations
    e. Callback verification for wire transfers over $25,000

10. Defendant's representatives assured Plaintiff that these security measures were or would be implemented and that their "money was secure". This assurance was repeated in several subsequent conversations.

11. Despite these assurances, upon information and belief, Defendant failed to implement many of the requested security measures to the detriment of the Plaintiff.

**Unauthorized Transactions and Initial Response**

12. On May 22, 2024 at approximately 6:00 P.M. Plaintiff, after first observing all Defendant's required online banking security protocols, logged into his corporate account online banking portal and discovered a series of virtually contemporaneous unauthorized ACH debits from the business account at Defendant totaling $854,864.00, specifically:

    a. $427,482.00 to Otaram, LLC, an entity unknown to Plaintiff, and a transaction not initiated by Plaintiff.
    b. $427,382.00 to Dera Bor, LLC, an entity unknown to Plaintiff, and a transaction not initiated by Plaintiff.

13. Plaintiff immediately contacted Defendant's fraud department by toll free number and spoke with a customer service representative. Plaintiff reported the unauthorized transactions and requested immediate action to freeze the account and initiate an investigation.

14. Plaintiff immediately followed up this call with two emailed forms provided by and sent to the Defendant whereby Plaintiff reported the fraudulent transactions and requested ACH recalls. This written notice detailed the unauthorized transactions and formally requested an investigation pursuant to the provisions of Electronic Fund Transfer Act.

15. The next business and calendar day, May 23, 2024, Plaintiff visited Defendant's Lehigh Acres branch and met with an assistant Branch Manager. During this meeting, Plaintiff again reported the unauthorized transactions and requested information on the status of the investigation. The Defendant employee was dismissive of Plaintiff's concerns, stating, in gaslighting fashion, "These things happen. You should have been more

careful with your account information." However, she initiated yet another internal document filing reclaiming the fraudulently withdrawn money.

**Defendant's Inadequate Investigation and Claim Denial**

16. Upon information and belief, Defendant failed to conduct a reasonable investigation of Plaintiff's claim as required by the Electronic Fund Transfer Act and Regulation E. Specifically:

    a. Defendant did not interview Plaintiff about the disputed transactions
    b. Defendant failed to review its security logs for any suspicious activity
    c. Defendant did not contact the purported recipients of the funds for verification
    d. Defendant did not analyze the IP addresses or devices used for the unauthorized transactions
    e. Defendant failed to review the implementation status of the requested security measures

17. On June 11, 2024, some 25 days after Plaintiff's initial report, Defendant acknowledged Plaintiff's claims via two identical emails stating, "This email is to confirm that we have received your ACH Recall Request for the following transaction and have processed your request" and was signed by "Global Payment Specialist".

18. Despite the "processing" the Defendant had already denied the claims as sent to Plaintiff in a form letter dated May 31, 2024, sent by U.S. mail and received on June 11, 2024, by Plaintiff, signed by Fifth Third Bank. The letter stated only that "a despite case was opened for you. Upon further review, however, we determined that we are unable to process a dispute for your inquiry."" without providing any explanation of the investigation process or findings.

19. Defendant failed to provide provisional credit to Plaintiff's account within 10 business days of receiving the complaint on May 22, 2024, as required by 12 C.F.R. § 1005.11(c)(1).

5

20. Plaintiff repeatedly called, visited, and sent emails to the branch seeking information and a return of the stolen funds.

**Consequences of Defendant's Actions**

21. As a direct result of Defendant's failure to prevent unauthorized transactions, promptly investigate, and reimburse the fraudulent debits:

    a. Plaintiff's business account became overdrawn, incurring substantial overdraft fees.
    b. Several legitimate checks written by Plaintiff's business were returned for insufficient funds and over thirty checks to suppliers and contractors were cancelled and accounts were left unpaid.
    c. Plaintiff incurred returned check fees and other bank fees due to the returned and cancelled checks.
    d. Plaintiff was unable to make timely payments to suppliers, resulting in late fees and loss of favorable credit terms.
    e. A major client of Plaintiff's cancelled a construction contract for over 100 single-family residences in Lehigh Acres, FL and terminated its business relationship with Plaintiff due to the cashflow issues occasioned by the missing funds.
    j. Plaintiff was forced to lay off employees, due to cash flow issues stemming from the unauthorized transactions.
    k. Plaintiff's business revenue substantially declined in the weeks and months following the theft of funds.

**Defendant's Pattern of Misconduct**

22. Upon information and belief, Defendant has engaged in a pattern of similar misconduct with other customers, as evidenced by:

    a. Similar complaints filed with the Consumer Financial Protection Bureau.
    b. Ongoing investigations being conducted by the Lee County Sheriff's Office.

23. This pattern of behavior suggests that Defendant's actions are not mere negligence but part of a deliberate scheme to defraud customers and avoid liability for unauthorized transactions.

**Plaintiff's Damages**

24. As a result of Defendant's actions and inactions, Plaintiff has suffered substantial damages, including but not limited to:

    a. Unrecovered fraudulent debits
    b. Bank fees (overdraft and returned check fees)
    c. Late fees paid to suppliers
    d. Increased supply costs due to loss of favorable terms
    e. Annual increased costs due to loss of preferential pricing
    g. Lost contract revenue
    h. Lost business revenue to date
    i. Damages to credit standing and business reputation
    j. Damages for emotional distress and mental anguish

25. The total quantifiable damages to date exceed $850,000, with ongoing and future damages expected to surpass well over $1,500,000 over the next five years.

**COUNT I: Violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.**

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states:

26. Defendant is a "financial institution" as defined by 15 U.S.C. § 1693(a)(9).

27. The transactions at issue are "electronic fund transfers" as defined by 15 U.S.C. § 1693(a)(7).

28. Defendant's actions and omissions constitute multiple violations of the Electronic Fund Transfer Act and its implementing regulation, Regulation E, including but not limited to:

    a. Failure to maintain adequate fraud prevention measures (15 U.S.C. § 1693m(a))
    b. Failure to conduct a reasonable investigation (15 U.S.C. § 1693(f)(a))
    c. Failure to provide provisional credit (15 U.S.C. § 1693(f)(c))
    d. Failure to provide a written explanation (15 U.S.C. § 1693(f)(d))
    e. Failure to comply with error resolution procedures (12 C.F.R. § 1005.11)
    f. Failure to limit consumer liability for unauthorized transfers (15 U.S.C. § 1693g)

29. Defendant's violations were knowing and willful, demonstrating a reckless disregard for Plaintiff's rights under the law.

30. As a direct and proximate result of Defendant's violations of the Electronic Fund Transfer Act, Plaintiff has suffered actual damages in excess of $850,000.

31. Pursuant to 15 U.S.C. § 1693(m), Plaintiff is entitled to actual damages, statutory damages, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

## COUNT II: Breach of Contract

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states.

32. Plaintiff and Defendant entered into a valid and binding contract when Plaintiff opened his account 7936900138, as evidenced by the account agreements dated on or about April 2021.

33. The account agreements include an implied covenant of good faith and fair dealing.

34. Defendant breached the contracts and the implied covenant by:

    a. Failing to maintain reasonable security measures to prevent unauthorized transactions
    b. Failing to implement requested enhanced security measures
    c. Failing to promptly investigate and reimburse unauthorized transactions
    d. Failing to act in good faith in handling Plaintiff's fraud claim
    e. Imposing improper fees and charges

35. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages in excess of $850,000.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

## COUNT III: Negligence

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states.

36. Defendant owed Plaintiff a duty of care to:

    a. Maintain reasonable security measures to protect Plaintiff's accounts
    b. Implement requested security enhancements
    c. Monitor accounts for suspicious activity
    d. Properly investigate claims of unauthorized transactions
    e. Promptly reimburse unauthorized transactions in accordance with applicable laws and regulations

37. Defendant breached these duties through its actions and inactions as described above.

38. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages in excess of $850,000.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

## COUNT IV: Gross Negligence

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states.

39. Defendant's conduct in failing to prevent, detect, and remedy the unauthorized transactions, as well as its subsequent handling of Plaintiff's claim, constitutes an extreme departure from the standards of ordinary care.

40. Defendant's actions and inactions demonstrate a conscious disregard for Plaintiff's rights and safety.

41. As a result of Defendant's gross negligence, Plaintiff has suffered damages in excess of $850,000.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

## COUNT V: Negligent Misrepresentation

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states.

42. Defendant, through its employees and agents, made false representations to Plaintiff regarding:

    a. The security measures in place to protect Plaintiff's accounts
    b. The implementation of requested enhanced security measures
    c. The thoroughness of its investigation into the unauthorized transactions

43. Defendant had no reasonable grounds for believing these representations were true.

44. Defendant intended for Plaintiff to rely on these representations.

45. Plaintiff reasonably relied on Defendant's representations to his detriment.

46. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has suffered damages in excess of $850,000.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

## COUNT VI: Fraudulent Misrepresentation

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states:

47. Defendant, through its employees and agents, knowingly made false representations to Plaintiff regarding:

    a. The security measures in place to protect Plaintiff's accounts
    b. The implementation of requested enhanced security measures
    c. The thoroughness of its investigation into the unauthorized transactions
    d. The basis for denying Plaintiff's fraud claim

48. Defendant knew these representations were false when made or made them with reckless disregard for their truth or falsity.

49. Defendant intended for Plaintiff to rely on these representations.

50. Plaintiff reasonably relied on Defendant's representations to his detriment.

51. As a direct and proximate result of Defendant's fraudulent misrepresentations, Plaintiff has suffered damages in excess of $850,000.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

### COUNT VII: Intentional Infliction of Emotional Distress/Outrage

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states.

52. Defendant's conduct in handling Plaintiff's fraud claim and subsequent communications was extreme and outrageous, exceeding all bounds of decency. Specific instances include:

    a. On May 22, 2024, upon reporting the fraudulent ACH transactions, a customer service representative told Plaintiff something to the effect, "It's your fault for not watching your account closely enough."
    b. On May 23, 2024, an assistant Branch Manager said something to the effect that, "We're a big bank. We don't have time to deal with every little problem and you likely made a mistake."

53. Defendant's actions were intentional or reckless and caused Plaintiff severe emotional distress, resulting in diagnosable psychological conditions requiring medical treatment.

54. As a result of Defendant's conduct, Plaintiff has suffered severe anxiety, depression, and insomnia, requiring ongoing psychological treatment and medication.

55. Plaintiff has incurred medical expenses for treatment related to this emotional distress.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

### COUNT VIII: Violation of the Florida Deceptive and Unfair Trade Practices Act

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states:

56. Defendant's actions constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Fla. Stat. § 501.204.

57. Defendant's violations include, but are not limited to:

    a. Misrepresenting the security measures in place on Plaintiff's accounts
    b. Failing to implement promised security enhancements
    c. Conducting a superficial and inadequate investigation of Plaintiff's fraud claim
    d. Denying Plaintiff's claim without proper basis
    e. Reporting false information to credit bureaus

58. Plaintiff has suffered a loss as a result of Defendant's violations, including actual damages in excess of $850,000.

59. Pursuant to Fla. Stat. § 501.211, Plaintiff is entitled to recover actual damages, plus attorneys' fees and court costs.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

### **COUNT IX: Violation of Florida's Civil Remedies for Criminal Practices Act (Fla. Stat. § 772.103)**

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states.

60. Defendant has engaged in a pattern of criminal activity as defined by Fla. Stat. § 772.102, including multiple incidents of:

    a. Theft (Fla. Stat. § 812.014)
    b. Communications fraud (Fla. Stat. § 817.034)
    c. Fraudulent practices (Fla. Stat. § 817.15)

61. This pattern of criminal activity was conducted in connection with Defendant's banking enterprise.

62. As a direct and proximate result of Defendant's violations of Fla. Stat. § 772.103, Plaintiff has suffered damages in excess of $854,864.00.

63. Pursuant to Fla. Stat. § 772.104, Plaintiff is entitled to threefold the actual damages sustained, plus reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

### COUNT X: Breach of Fiduciary Duty

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states:

64. As a banking institution holding Plaintiff's funds and financial information, Defendant owed Plaintiff a fiduciary duty.

65. This fiduciary duty required Defendant to act in Plaintiff's best interests, including protecting Plaintiff's funds and financial information.

66. Defendant breached this fiduciary duty through its actions and inactions as described above, including failing to implement proper security measures and failing to promptly investigate and reimburse unauthorized transactions.

67. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has suffered damages in excess of $854,864.00.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

### COUNT XI: Violation of the Racketeer Influenced and Corrupt Organizations Act

Plaintiff incorporates by reference the allegations in paragraphs 1-25 above and further states:

68. Defendant has engaged in a pattern of racketeering activity by repeatedly facilitating unauthorized transfers and subsequently denying valid claims in order to retain funds and boost profits.

69. This pattern of activity constitutes a violation of 18 U.S.C. § 1962(c).

70. Defendant's racketeering activities include multiple instances of:

    a. Wire fraud (18 U.S.C. § 1343)
    b. Bank fraud (18 U.S.C. § 1344)
    c. Money laundering (18 U.S.C. § 1956)

71. As a direct and proximate result of Defendant's RICO violations, Plaintiff has suffered substantial damages to his business and property in excess of $854,864.00.

72. Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover threefold the damages sustained, plus costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against the Plaintiff for its damages, costs, attorney's fees and any other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant on all counts;

B. Award Plaintiff actual damages in the amount of $854,864.00;

C. Award statutory damages pursuant to 15 U.S.C. § 1693(m)(a)(2)(B) in the amount of $500,000;

D. Award punitive damages in an amount to be determined at trial;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693(m)(a)(3), Fla. Stat. § 501.2105, and 18 U.S.C. § 1964(c);

F. Award pre-judgment and post-judgment interest as allowed by law;

G. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 31st day of October, 2025


**RICHARD J. DIAZ, P.A.**

/s/ *Richard J. Diaz*
**RICHARD J. DIAZ, ESQ.**
Counsel for Plaintiff
Florida Bar No.: 0767697
3127 Ponce de Leon Blvd.
Coral Gables, FL  33134
Tel.: 305-444-7181
Email: rick@rjdpa.com


**Kaplan & Kaplan International Law Firm, LLC**

   s/ *Bruce C. Kaplan*
By: _____
BRUCE C. KAPLAN, Esq.
Co-counsel for Plaintiff (pending PVH admission)
Florida Bar No.869309
9737 Doral Blvd., #482
Miami, FL 33178
Tel: 305-407-2420
Email: *bkaplan@kaplan.attorney*