UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHAN'S HOMES, INC.,

Plaintiff,

v.

Case No. 2:25-cv-00987-KCD-KRH

FIFTH THIRD BANK, N.A.,

Defendant,
__________________________________/

# ORDER

Plaintiff Nathan's Homes, Inc. logged into its commercial bank account with Defendant Fifth Third Bank and found that over $850,000 was missing. This lawsuit followed. (*See* Doc. 1.)[1] Fifth Third has since filed a counterclaim for breach of contract. (Doc. 38.) It alleges that Nathan had "a contractual duty to safeguard its unique login credentials and password, and it failed to do so, which resulted in a third-party initiating transfers from its account." (Doc. 45 at 1.) Now before the Court is Nathan's motion to dismiss the counterclaim. (Doc. 42.) For the reasons below, the motion is **DENIED**.

## I. Legal Standard

To survive a motion to dismiss, a pleading "must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*,

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The question is not whether the claimant will ultimately win, but simply whether the case can proceed into discovery.

As this stage, we must accept the pleading's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). That benefit of the doubt, however, has limits. The Court need not accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not unlock the courthouse doors. *Id.* In other words, the plaintiff must tell a factual story that makes the defendant's liability *plausible*, not just point a finger and recite the law. *See, e.g.*, *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

"We use a two-step process to determine whether a claim survives Rule 12(b)(6) scrutiny." *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346–47 (11th Cir. 2025). First, "we determine what must be plead for each cause of action. . . . Then, we consider the well-pleaded factual allegations . . . to determine whether they plausibly suggest an entitlement to relief." *Id.*

## II. Discussion

Nathan first argues that Fifth Third's counterclaim is "replete with unsupported factual allegations." (Doc. 42 at 3.) But a complaint—or, as here, a counterclaim—is not a trial brief. At this stage, a party need not present admissible evidence to support its claims. The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The counterclaim meets that low bar.

Fifth Third alleges that its online system requires unique login credentials to execute a wire transfer, meaning the fraudulent transfers here could only have happened if someone used Nathan's username and password. (Doc. 13 at 14.) From that premise, the bank alleges that Nathan must have either provided those credentials to a third party or failed to adequately secure them, thereby breaching the parties' banking contract. (*Id.* at 18.) Those are factual allegations sufficient to plead a claim. Whether they can be supported by evidence is for another day.

Nathan separately argues that Fifth Third's claim is not facially plausible because no rational account holder would "knowingly and intentionally" disseminate its banking credentials. (Doc. 42 at 4.) This argument attacks a straw man. Fifth Third never alleges that Nathan intentionally sabotaged itself. Rather, the bank maintains that Nathan either

unwittingly provided its information to a fraudster or simply failed to institute the security measures required by the parties' contract. There is nothing implausible about a business compromising its own bank account, whether through negligence or mistake.

Lastly, Nathan says that Fifth Third failed "to sufficiently allege that it sustained any damage from the Plaintiff's purported breach or, if it did sustain damage, that such damage was directly caused by Plaintiff." (Doc. 42 at 6.) The Court cannot agree on this point either. According to Fifth Third, Nathan agreed to indemnify the bank for "any and all losses" arising from a breach of the account's security obligations. (Doc. 38 at 15.) The bank maintains it has spent money to defend against this proceeding—a suit it claims was spawned by Nathan's failure to safeguard its credentials. Nathan offers no legal authority that such damages are unrecoverable. *See, e.g.*, *Bank One, Columbus, Ohio N.A. v. Fin. Ventures, LLC*, No. C2-01-0049, 2002 WL 484307, at *5 (S.D. Ohio Mar. 26, 2002).

## III. Conclusion

Nathan vigorously disputes who is responsible for the missing funds, placing blame on the bank. But that defense gets Nathan nowhere at this stage. The Court must accept the counterclaim's factual allegations. And as currently pled, Fifth Third blames Nathan for the compromised security credentials. Who is ultimately responsible is a question for another day on a

full evidentiary record, not on the pleadings. Accordingly, Nathan's Amended Motion to Dismiss Counterclaim (Doc. 42) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 17, 2026.

Kyle C. Dudek
United States District Judge